IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Phillip Reeves,<br><br>            Plaintiff,<br>    Vs.<br><br>Douglas Richardson; Michael Callison; Hobart Lewis; Patrick Coley,<br><br>            Defendants. | Civil Action No. 6:25-cv-13499-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, alleging Defendants fabricated evidence against him and wrongfully initiated criminal proceedings, in violation of his Fourteenth Amendment rights. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On February 9, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. Dkt. No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed two identical documents titled Objections to Report and Recommendation. Dkt. Nos. 12, 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed because it does not fall under

the recent case of *Harris v. Town of Southern Pines*, 110 F.4th 633, 635 (4th Cir. 2024), in which

the Fourth Circuit held a plaintiff not convicted of a crime, but who was arrested and detained for

several months, can state a Fourteenth Amendment claim for fabrication of evidence. Dkt. No. 8

at 3. The Report notes Plaintiff's charges have not been dismissed, and he therefore is not an

acquitted person who may have a standalone claim for fabricated evidence under the due process

clause of the Fourteenth Amendment. *Id.* at 3-4. The Report also recommends abstention pursuant

to *Younger v. Harris*, 401 U.S. 37 (1971), as Plaintiff's state criminal charges remain pending. *Id.*

at 4-5. Finally, the Report explains release from detention is not a form of relief possible in a

§ 1983 action. *Id.* at 5.

Plaintiff objects to the Report, contending *Younger* is inapplicable as he does not challenge

his criminal charges, but only the "legality of his incarceration and process." Dkt. No. 12 at 1-2.

He also argues *Harris* does not require a plaintiff's criminal charges to have been dismissed to

sustain a claim for fabrication of evidence. *Id.* at 2. He asserts his fabrication claim is "corrupting

2

the criminal process regardless of the time and place the proceeding that the corruption occurs or wether or not convicted of a crime." *Id.* at 4 (errors in original).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report and adopts it by reference herein. *Harris* holds "a plaintiff who was not convicted of a crime, but was arrested and detained for several months, can still state a Fourteenth Amendment fabrication of evidence claim." 110 F.4th at 635. Moreover, while Plaintiff asserts he is not challenging his state criminal charges, it appears clear he is, by alleging the charges against him were procured by fabricated evidence. Plaintiff may challenge the evidence against him in his state criminal case. This court will thus abstain under *Younger*.[1]

For the reasons above, the court dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 16, 2026

---

[1] The court also agrees with the Report it cannot order release from detention in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

3